UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGIL RANDALL,<br><br>    Plaintiff,<br><br>  v.<br><br>S. YOUNCE,<br><br>    Defendant. | No. C 06-3866 SI (pr)<br><br>**ORDER OF DISMISSAL** |

### INTRODUCTION

Virgil Randall, a prisoner in custody at the Salinas Valley State Prison in Soledad, California, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

### BACKGROUND

In his complaint, Randall alleged that he discovered that "a lot" of his personal property was missing when he was released from administrative segregation on November 3, 2005. Defendant Younce, the administrative segregation property officer, issued Randall's personal property to him, but "a lot" of items were missing. Randall filed an inmate appeal, which was granted on November 26, 2005, when prison staff apparently recognized that there was a variance between the property on the inventory form and the property returned to Randall. Randall prays for $2,000 and punitive damages.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Allegations that a plaintiff has been deprived of his property negligently or intentionally without a pre-deprivation hearing do not state a due process claim under § 1983 if the deprivation was random and unauthorized, see Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property), because California provides an adequate state post-deprivation remedy, see Zinermon v. Burch, 494 U.S. 113, 128-29 (1990) (where state cannot foresee and therefore provide meaningful hearing prior to deprivation, statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process).

The allegations in the complaint that Randall's personal property was lost or destroyed while he was in administrative segregation are not cognizable in a Section 1983 action. The allegations show random and unauthorized deprivations of personal property, but that kind of conduct does not amount to a violation of any federal constitutional right. Without a federal question being presented by the complaint, this court has no jurisdiction to hear the case. The complaint therefore is dismissed without prejudice to Randall filing an action in state court for

his lost or destroyed property.

## CONCLUSION

For the foregoing reasons, this action is dismissed. This dismissal is without prejudice to Randall filing a new action in state court for the loss of his personal property.

IT IS SO ORDERED.

Dated: August 2, 2006

_____
SUSAN ILLSTON
United States District Judge